IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

PITTSBURGH

| | | |
|---|---|---|
| DAWN FROBE, RACHEL WIEST, INDIVIDUALLY; | ) ) ) ) | 2:20-CV-00957-CRE |
| Plaintiffs, | ) ) | |
| vs. | ) ) | |
| UPMC ST. MARGARET, | ) ) ) | |
| Defendant, | ) ) | |

**MEMORANDUM ORDER**

Presently before this Court are Plaintiffs' Motion to Compel the Video Conferencing Deposition of nonparty Sheila Meder (ECF No. 31), and Meder's Motion to Quash the Subpoena (ECF No. 35). For the following reasons, Plaintiffs' motion is GRANTED with the modifications as discussed *infra*, and Meder's motion is DENIED.

On May 20, 2021, Meder, a nonparty to this action and a resident of New York, was served by Plaintiffs with a subpoena to testify at a deposition in this matter via Zoom Videoconferencing on June 18, 2021, at 10:00 a.m. (ECF No. 31-2). By a letter dated June 11, 2021, counsel for Meder informed Plaintiffs and this Court that the subpoena was unenforceable. (ECF No. 31-3). Thus, Plaintiffs filed a motion to compel Meder's participation in the deposition, and this Court ordered Meder to file a motion to quash the subpoena. (ECF Nos. 31, 32). Meder filed a Motion to Quash the Subpoena and brief in support thereof, in which the only objection she raised is that pursuant to Federal Rule of Civil Procedure 45, Meder cannot be deposed as requested by Plaintiffs because she lives and works more than 100 miles from Pittsburgh, Pennsylvania. *See* Meder's Br. (ECF No. 36) at 3.

1

"Federal Rule of Civil Procedure 30(a)(1) provides that a party may, by oral questions, depose any person, including a party, without leave of court.... The deponent's attendance may be compelled by subpoena under Rule 45." *Sheridan v. Roberts L. Firm*, 2020 WL 529591, at *1 (E.D. Pa. Feb. 3, 2020) (internal quotation marks omitted).

> Under Rule 45(d)(3)(A) of the Federal Rules of Civil Procedure, the Court is required, on timely motion, to quash or modify a subpoena that "requires a person to comply beyond the geographical limits specified in Rule 45(c)." Rule 45(c) limits the Court's subpoena enforcement powers by requiring that a subpoena "may command a person to attend" a trial, hearing, or deposition only if the location of the trial, hearing, or deposition is:
>
>> (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person: (i) is a party or a party's officer; or (ii) is commanded to attend a trial and would not incur substantial expense."
>
> **Thus, the plain language of rule 45(c) indicates that the court cannot compel a witness to testify at a deposition when the individual must travel more than 100 miles from a place of residence, employment or regular business.** *See Hermitage Glob. Partners LP v. Prevezon Holdings Ltd.*, C.A. No. 13-6326, 2015 WL 728463, at *4 (S.D.N.Y. Feb. 29, 2015) (cited with approval in *Tele Draulic, Inc. v. Hetronic Int'l, Inc.*, Misc. No. 16-108-SLR, 2016 WL 3606775 at *2 (D. Del. June 30, 2016)); *see also* Fed. R. Civ. P. 45(c); *Regents of the Univ. of Cal. v. Kohne*, 166 F.R.D. 463, 464 (S.D. Cal. April 24, 1996) (holding that in considering when a non-party witness may be commanded by subpoena to appear, a court's only consideration is "the burden on the witness of being required to physically appear" (citations omitted)).

*Expansion Cap. Grp., LLC v. Patterson*, 2020 WL 42786, at *2 (D. Del. Jan. 3, 2020) (emphasis added).

Based upon the foregoing, it is clear that Plaintiffs cannot require Meder to travel more than 100 miles from her place of residence or employment in New York to participate in this deposition. According to the subpoena, and Plaintiffs' brief, Plaintiffs do not wish for Meder to travel more than 100 miles. Instead, they have noticed this deposition for "Zoom

Videoconferencing." However, "Zoom Videoconferencing" is not a "place;" rather, it is a method of taking the deposition. Accordingly, the Court will require Plaintiffs to modify the subpoena to have the place of deposition changed so it is taken at a location within 100 miles of Meder's home or place of employment.[1] Additionally, this Court will permit the deposition to be taken via Zoom Video Conferencing or other remote means pursuant to Fed. Rule Civ. Pro. 30(b)(4).[2] It is Plaintiffs' responsibility to ensure that pursuant to Fed. Rule. Civ. Pro. 28(a), the officer administering the oath is authorized to do so and physically present at the location of Meder's deposition.

DATED this 13th day of July, 2021.

BY THE COURT:

s/Cynthia Reed Eddy
Chief United States Magistrate Judge

---

[1] In this Court's view, Plaintiffs should make this location as convenient as possible for Meder.

[2] This Court offers no opinion on the admissibility of this deposition at trial.