IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAWN FROBE and RACHEL WIEST, individually, | ) Civil Action No. 2:20-cv-957 ) |
| Plaintiffs, | ) Chief Magistrate Judge Cynthia Reed Eddy ) |
| vs. | ) Filed Electronically ) ) |
| UPMC ST. MARGARET, | ) ) |
| Defendant. | ) JURY TRIAL DEMANDED |

**PLAINTIFFS' MOTION TO COMPEL DEFENDANT'S DISCOVERY**

Plaintiffs DAWN FROBE and RACHEL WIEST, by and through their attorneys, Horne Daller, LLC, file this Motion to Compel Defendant's Discovery:

**FACTUAL BACKGROUND**

1.  Plaintiffs, former EVS Associates (housekeepers), filed this action against their previous employer UPMC St. Margaret on June 26, 2020, seeking recourse for the unlawful employment actions taken by UPMC St. Margaret including, *inter alia,* the termination of their employment.

2.  In the fall 2017, UPMC St. Margaret began using a new chemical, 3M C. Diff, as its general all-purpose cleaning agent.

3.  Both Plaintiffs, Ms. Dawn Frobe and Ms. Rachel Wiest, experienced severe reactions to the chemical including laborious breathing, nausea, migraines, irritation to the eyes, nose, and throat, and dermatitis/skin irritation.[1]  (ECF 1, ¶ 34)

---

[1] Ms. Wiest was pregnant at the time of the exposure.  (ECF 1, ¶ 35)

1

4.	As a result of their physical symptoms, both Ms. Frobe and Ms. Wiest proceeded in filing workers' compensation claims while also submitting to toxicology testing and other medical treatment as directed by UPMC St. Margaret.

5.	Various medical providers confirmed the severe reaction to the chemical and directed that neither Ms. Frobe nor Ms. Wiest have continued exposure to the chemical.

6.	Plaintiffs also proceeded with initiating a verbal complaint with OSHA in November 2017 with a follow-up written complaint in January 2018. Ms. Wiest filed another complaint in August 2018.

7.	In each instance, Plaintiffs notified OSHA that UPMC St. Margaret had not properly trained employees on the use of the chemical nor was it offering proper personal protective equipment for use of the chemical.

8.	OSHA cited and fined UPMC in response to Plaintiffs' complaints and after an investigation of the EVS department at UPMC St. Margaret.

9.	Throughout the end of 2017 and 2018, Plaintiffs experienced retaliation by UPMC St. Margaret including, but not limited to, threats of insurance fraud, refusal to provide reasonable accommodations, failure to adhere to UPMC policies and procedures regarding workplace complaints, humiliation in front of co-workers attempting to chill other complaints, interference in subsequent employment efforts, and termination of employment.

10.	Discovery to date has evidenced that UPMC management was displeased with the rising number of workers' compensation claims from EVS Associates concerning the C.Diff chemical and that it was working to "isolate" the issue.

11.	Further, UPMC was displeased with the OSHA penalty and quickly demoted Plaintiffs' supervisor who had worked in UPMC St. Margaret's EVS Department since 1995.

12. Plaintiffs' claims include: Count I – Wrongful Discharge (arising out of their unlawful discharge for filing workers' compensation claims and making safety complaints pursuant to federal and state law); Count II – Disability Discrimination pursuant to the ADA; Count III – Retaliation pursuant to the ADA; Count IV – Violations of the PHRA (disability discrimination and retaliation).

## PROCEDURAL HISTORY

13. Following depositions in this matter, Plaintiffs issued a Second Request for Discovery on October 29, 2021.

14. Defendant requested, and Plaintiffs agreed to an extension of time to respond. Defendant responded on December 13, 2021.

15. Defendants objected to several requests that serve as the basis for this Motion, specifically one (1) interrogatory and four (4) requests for production.

16. The parties met and conferred on December 17, 2021, and again on December 22, 2021, but could not reach an agreement.

17. The parties met with this Court on December 27, 2021, and pursuant to this Court's Order that same day, Plaintiffs file this Motion and Brief in Support seeking to compel Defendant's discovery.  (ECF 51)

## THE DISCOVERY REQUESTS

18. The following Requests and Responses are at issue in this Motion.

19. <u>Interrogatory #16</u> – Identify any formal OSHA complaints for the period of 2007-2018 directed to UMPC St. Margaret and as to each, identify the date of the complaint, the type of violation (i.e., willful, serious, other than serious, etc. as set forth by OSHA), the substance of

the complaint, and any penalty imposed by OSHA.  To the extent the complaint involves the EVS department, please also identify any actions taken to abate the issues identified by OSHA.

   20. <u>Defendant's Response to Interrogatory #16</u> – RESPONSE:  Defendant objects to this Interrogatory on the grounds that it is overbroad and unduly burdensome because it seeks information that is not relevant to any claim or defense at issue in this Action, particularly to the extent it requests information concerning any potential complaints made to OSHA that are not related to the 3M C. diff cleaning solution during the time period relevant to Plaintiffs' allegations. Defendant further objects to this Interrogatory on the grounds that it is vague and ambiguous with respect to the terms "formal OSHA complaints" and "abate", which are not defined and open ended. Defendant further objects to this Interrogatory on grounds that it is overbroad and unduly burdensome to the extent it seeks information concerning departments of Defendant other than the EVS Department. Defendant further objects to this Interrogatory on the grounds that it is unduly burdensome, and the burden and expense outweigh its likely benefit. Defendant further objects to this Document Request to the extent that it seeks information or documents that are already in the possession and/or control of Plaintiff.

 Subject to and without waiving any objections, and pursuant to Federal Rule of Civil Procedure 33(d), Defendant refers Plaintiff to materials previously provided to Plaintiffs in conjunction with their claims currently pending with the Department of Labor and to the documents produced in response to Document Request No. 10. Defendant further states that on January 26, 2018, OSHA conducted an inspection at St. Margaret in response to OSHA Complaint #1302619. On March 15, 2018, OSHA issued a citation following the inspection for one serious citation and a proposed penalty of $5,543. OSHA and St. Margaret reached a

settlement agreement that reclassified one of the subitems in the citation to an "Other-than-Serious" classification.

21.     Request for Production #18 – Meeting notes or minutes, or e-mails discussing topics from the Management Forums for the period of January 2017 through December 2018 as identified by Kristin Beckes in her deposition.

22.     Defendant's Response to Request for Production #18 – RESPONSE:  Defendant objects to this Interrogatory to the extent it seeks information that is protected by the attorney-client privilege, the work product doctrine, and/or other applicable privileges. Defendant further objects to this Document Request on the grounds that it is overbroad, unduly burdensome, and is not proportional to the needs of this case. Defendant further objects to this Document Request on the grounds that it is vague and ambiguous with respect to the term "meeting notes," which is not defined and open ended. Defendant further objects to this Document Request on the grounds that it seeks information not relevant to the claims asserted in this Action, which asserts claims for wrongful discharge and disability discrimination and retaliation, and to which "Management Forums" are not relevant.

Given its stated objections, pursuant to Rule 34(b)(2)(c), Defendant does not intend to produce documents in response to this Document Request.

23.     Request for Production #19 – Meeting notes, minutes, or e-mails discussing topics from the Safety Committee Meetings conducted by Darryl Bortz for the period of January 2017 through December 2018 as identified by John Merkt in his deposition.

24.     Defendant's Response to Request for Production #19 – RESPONSE:  Defendant objects to this Interrogatory to the extent it seeks information that is protected by the attorney-client privilege, the work product doctrine, and/or other applicable privileges. Defendant further

objects to this Document Request on the grounds that it is overbroad, unduly burdensome, and is not proportional to the needs of this case. Defendant further objects to this Document Request on the grounds that it is vague and ambiguous with respect to the term "meeting notes," which is not defined and open ended. Defendant further objects to this Document Request on the grounds that it seeks information not relevant to the claims asserted in this Action, which asserts claims for wrongful discharge and disability discrimination and retaliation, and to which "Safety Committee Meetings" are not relevant.

Given its stated objections, pursuant to Rule 34(b)(2)(c), Defendant does not intend to produce documents in response to this Document Request.

25. <u>Request for Production #20</u> – U-Learn presentations for EVS Associates, Supervisors, and/or Managers for the period of 2017 through 2018 as to the following topics: (a) Workplace Safety; (b) Safe Use of Cleaning Products; (3) Anti-Retaliation Policy; (d) Anti-Discrimination Policy; (e) Compliance and Ethics Review; (f) Environment of Care; (g) Harassment-Free Workplace; (h) Privacy Awareness; (i) HIPAA; (j) Disability Accommodations, FMLA Leave, and/or Paid Time Off; (k) Workplace Hazards; and (l) Workers Compensation.

26. <u>Defendant's Response to Request for Production #20</u> – RESPONSE: Defendant objects to this Document Request on the grounds that it is overbroad, unduly burdensome, and is not proportional to the needs of this case. Defendant further objects to this Document Request on the grounds that it is vague and ambiguous with respect to the term "ULearn presentations," which is not defined and open ended. Defendant further objects to this Document Request on the grounds that it seeks information not relevant to the claims asserted in this Action, which asserts

claims for wrongful discharge and disability discrimination and retaliation, and to which the substance of "U-Learn" trainings is not relevant.

Given its stated objections, pursuant to Rule 34(b)(2)(c), Defendant does not intend to produce documents in response to this Document Request.

27. Request for Production #21 – U-Learn policy and/or guidelines for employees on a leave of absence during the learning period for the year 2018 and as testified to by Ms. Beckes.

28. Defendant's Response to Request for Production #21 – RESPONSE:  Defendant objects to this Document Request on the grounds that it is overbroad, unduly burdensome, and is not proportional to the needs of this case. Defendant further objects to this Document Request on the grounds that it is vague and ambiguous with respect to the phrase "U-Learn policy and/or guidelines," which is not defined and open ended. Defendant further objects that this Document Request mischaracterizes the testimony of Kristin Beckes. Defendant further objects to this Document Request on the grounds that it seeks information not relevant to the claims asserted in this Action, which asserts claims for wrongful discharge and disability discrimination and retaliation, and to which any materials related to any policies or guideline governing "U-Learn" materials is not relevant.

Given its stated objections, pursuant to Rule 34(b)(2)(c), Defendant does not intend to produce documents in response to this Document Request.

**DISCOVERABILITY OF THESE REQUESTS**

29. Federal Rule of Civil Procedure 26(b) guides the discovery scope and limits noting, "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of

the issues at stake in the action, the amount in controversy, the parties' relative access to the relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." F.R.C.P. 26(b).

30. Defendant's objections in large part assert relevancy or a burdensome production.

31. For reasons detailed more fully in the accompanying Brief in Support, incorporated herein, Plaintiffs can articulate the relevancy of each inquiry.

32. Defendant, while asserting a burdensome production, has not articulated what in the requests could ease that burden.

33. Further, with respect to each request and where appropriate, Plaintiff offered proposals to more narrowly, but Defendant was not amenable to any suggestions.

34. The information sought is appropriate discovery as each pertains directly to the claims and defenses in this action. Further, Plaintiffs have offered to limit the applicable time period and scope of each request.

35. Plaintiffs seek an Order from this Court directing the production of responsive answers and documents.

WHEREFORE, and as set forth more fully in the accompanying Brief in Support, Plaintiffs DAWN FROBE and RACHEL WIEST respectfully request this GRANT their Motion to Compel Defendant's Discovery and direct production within 10 days of the date of the Court's Order.

Respectfully submitted,
*s/Nicole Daller*
Nicole Daller, Esq. (Pa. 312224)
Vicki K. Horne, Esq. (Pa. 36578)

8

Samantha Kovalyak, Esq. (Pa. 328175)

HORNE DALLER LLC
1380 Old Freeport Road, Suite 3A
Pittsburgh, PA 15238
Phone: (412) 967-9400
Fax: (412) 967-0465
ndaller@hornedaller.com
vkhorne@hornedaller.com
skovalyak@hornedaller.com

*Counsel for Plaintiffs*